**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO: 3:24-CV-840**

| | |
|---|---|
| **TIYAN LITTLEJOHN,** | |
| **Plaintiff,** | |
| **v.** | **DEFENDANT UNIVERSITY HOUSE** |
| | **CHARLOTTE, L.P.'S ANSWER TO** |
| **NATIONAL CREDIT SYSTEMS, INC.,** | **PLAINTIFF'S AMENDED COMPLAINT** |
| **UNIVERSITY HOUSE CHARLOTTE,** | |
| **LP., EXPERIAN INFORMATION** | |
| **SOLUTIONS, INC., EQUIFAX** | |
| **INFORMATION SERVICES, LLC and** | |
| **TRANSUNION, LLC.,** | |
| **Defendants.** | |

   **NOW COMES** Defendant University House Charlotte, LP., by and through its undersigned counsel, and hereby responds to Plaintiff's Amended Complaint as follows:

<u>**FIRST DEFENSE**</u>
**(Response to Individual Allegations)**

   1.  The allegations contained in Paragraph 1 of the Amended Complaint contain conclusions of law, and as such, no response is required of this Answering Defendant.

   2.  The allegations contained in Paragraph 2 of the Amended Complaint contain conclusions of law, and as such, no response is required of this Answering Defendant.

   3.  The allegations contained in Paragraph 3 of the Amended Complaint are denied.

<u>**PARTIES**</u>

   4.  This Answering Defendant hereby reincorporates by reference its answers to the preceding paragraphs of the Amended Complaint as if fully set forth herein.

5. The allegations contained in Paragraph 5 of the Amended Complaint are admitted upon information and belief.

6. The allegations contained in Paragraph 6 of the Amended Complaint contain conclusions of law, and as such, no response is required of this Answering Defendant.

7. The allegations contained in Paragraph 7 of the Amended Complaint contain conclusions of law, and as such, no response is required of this Answering Defendant.

8. It is admitted that Plaintiff's debt was for rent for an apartment.

9. The allegations contained in Paragraph 9 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

10. The allegations contained in Paragraph 10 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

11. The allegations contained in Paragraph 11 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

12. The allegations contained in Paragraph 12 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

13. The allegations contained in Paragraph 13 of the Amended Complaint are admitted.

14. The allegations contained in Paragraph 14 of the Amended Complaint are admitted.

15. The allegations contained in Paragraph 15 of the Amended Complaint contain conclusions of law, and as such, no response is required of this Answering Defendant. To the

2

extent these allegations are intended to allege liability on the part of this Answering Defendant, denied.

16.     The allegations contained in Paragraph 16 of the Amended Complaint contain conclusions of law, and as such, no response is required of this Answering Defendant.

17.     The allegations contained in Paragraph 17 of the Amended Complaint contain conclusions of law, and as such, no response is required of this Answering Defendant.

18.     The allegations contained in Paragraph 18 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

19.     The allegations contained in Paragraph 19 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

20.     The allegations contained in Paragraph 20 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

21.     The allegations contained in Paragraph 21 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

22.     The allegations contained in Paragraph 22 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

IMANAGE\6396\0058\42921762.v1-10/23/24

23. The allegations contained in Paragraph 23 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

24. The allegations contained in Paragraph 24 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

25. The allegations contained in Paragraph 25 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

26. The allegations contained in Paragraph 26 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

27. The allegations contained in Paragraph 27 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

28. The allegations contained in Paragraph 28 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

29. The allegations contained in Paragraph 29 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

30.     The allegations contained in Paragraph 30 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

31.     The allegations contained in Paragraph 31 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

32.     The allegations contained in Paragraph 32 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

## FACTUAL ALLEGATIONS

33.     This Answering Defendant hereby reincorporates by reference its answers to the preceding paragraphs of the Amended Complaint as if fully set forth herein.

34.     The Answering Defendant admits that Plaintiff toured in person at the Answering Defendant's apartment community in May 2019.  All other allegations in Paragraph 34 of the Amended Complaint are denied.

35.     The allegations contained in Paragraph 35 of the Amended Complaint are denied as stated.

36.     This Answering Defendant is without sufficient information and knowledge to form an opinion as to the veracity of the allegations contained in Paragraph 36 of the Amended Complaint, and as such, denies the same.

37.     The allegations contained in Paragraph 37 of the Amended Complaint are denied as stated.

5

38.     The allegations contained in Paragraph 38 of the Amended Complaint are denied as stated.

39.     The allegations contained in Paragraph 39 of the Amended Complaint are admitted upon information and belief.

40.     The allegations contained in Paragraph 40 of the Amended Complaint are denied.

41.     This Answering Defendant is without sufficient information and knowledge to form an opinion as to the veracity of the allegations contained in Paragraph 41, and as such, denies the same.

42.     The allegations contained in Paragraph 42 of the Amended Complaint are denied.

43.     The allegations contained in Paragraph 43 of the Amended Complaint are denied as stated.

44.     The allegations contained in Paragraph 44 of the Amended Complaint are denied as stated.

45.     The allegations contained in Paragraph 45 of the Amended Complaint are denied.

46.     The allegations contained in Paragraph 46 of the Amended Complaint are denied.

47.     The allegations contained in Paragraph 47 of the Amended Complaint are denied.

48.     The Answering Defendant admits that it informed the financial guarantor proposed by Plaintiff that Plaintiff had entered into a Housing Agreement.  The remaining allegations contained in Paragraph 48 of the Amended Complaint are denied.

49.     The allegations contained in Paragraph 49 of the Amended Complaint are denied.

50.     The allegations contained in Paragraph 50 of the Amended Complaint are denied.

51.     The allegations contained in Paragraph 51 of the Amended Complaint are denied.

52.     The allegations contained in Paragraph 52 of the Amended Complaint are denied.

6

53.     The allegations contained in Paragraph 53 of the Amended Complaint are denied.

54.     The allegations contained in Paragraph 54 of the Amended Complaint are denied.

55.     The allegations contained in Paragraph 55 of the Amended Complaint contain conclusions of law, and as such, no response is required of this Answering Defendant.

56.     The allegations contained in Paragraph 56 of the Amended Complaint are denied.

57.     The allegations contained in Paragraph 57 of the Amended Complaint are denied.

58.     The allegations contained in Paragraph 58 of the Amended Complaint are denied.

59.     The allegations contained in Paragraph 59 of the Amended Complaint are denied.

60.     The Answering Defendant admits that by November 2019, it had reported to National Credit Systems that Plaintiff owed a debt to the Answering Defendant. All other allegations contained in Paragraph 60 of the Amended Complaint are denied as stated.

61.     The Answering Defendant admits that it informed National Credit Systems that Plaintiff owed $8,498.00 under his contract with the Answering Defendant. All other allegations contained in Paragraph 61 of the Amended Complaint are denied as stated.

62.     The allegations contained in Paragraph 62 of the Amended Complaint are denied.

63.     The allegations contained in Paragraph 63 of the Amended Complaint are denied.

64.     The allegations contained in Paragraph 64 of the Amended Complaint are denied.

65.     The allegations contained in Paragraph 65 of the Amended Complaint are denied.

66.     The allegations contained in Paragraph 66 of the Amended Complaint are denied.

67.     The allegations contained in Paragraph 67 of the Amended Complaint are denied.

68.     The allegations contained in Paragraph 68 of the Amended Complaint are denied.

69.     The allegations contained in Paragraph 69 of the Amended Complaint are denied.

IMANAGE\6396\0058\42921762.v1-10/23/24

70.     This Answering Defendant is without sufficient information and knowledge to form an opinion as to the veracity of the allegations contained in Paragraph 70 of the Amended Complaint, and as such, denies the same.

71.     This Answering Defendant is without sufficient information and knowledge to form an opinion as to the veracity of the allegations contained in Paragraph 71 of the Amended Complaint, and as such, denies the same.

72.     This Answering Defendant is without sufficient information and knowledge to form an opinion as to the veracity of the allegations contained in Paragraph 72 of the Amended Complaint, and as such, denies the same.

73.     This Answering Defendant is without sufficient information and knowledge to form an opinion as to the veracity of the allegations contained in Paragraph 73 of the Amended Complaint, and as such, denies the same.

74.     This Answering Defendant is without sufficient information and knowledge to form an opinion as to the veracity of the allegations contained in Paragraph 74 of the Amended Complaint, and as such, denies the same.

75.     This Answering Defendant is without sufficient information and knowledge to form an opinion as to the veracity of the allegations contained in Paragraph 75 of the Amended Complaint, and as such, denies the same.

76.     The allegations contained in Paragraph 76 of Amended Complaint are denied as stated.

77.     The allegations contained in Paragraph 77 of the Amended Complaint are admitted.

78.     The allegations contained in Paragraph 78 of the Amended Complaint are admitted.

79.     The allegations contained in Paragraph 79 of the Amended Complaint are denied.

80.     The allegations contained in Paragraph 80 of the Amended Complaint are admitted.

81.     The allegations contained in Paragraph 81 of the Amended Complaint are admitted.

82.     The allegations contained in Paragraph 82 of the Amended Complaint are denied.

83.     The allegations contained in Paragraph 83 of the Amended Complaint are admitted.

84.      This Answering Defendant is without sufficient information and knowledge to form an opinion as to the veracity of the allegations contained in Paragraph 74 of the Amended Complaint, and as such, denies the same.

85.     The allegations contained in Paragraph 85 of the Amended Complaint, including subparts a-f, are denied.

86.     The allegations contained in Paragraph 86 of the Amended Complaint are denied.

87.      The allegations contained in Paragraph 87 of the Amended Complaint, including subparts a-e, are denied.

88.     The allegations contained in Paragraph 88 of the Amended Complaint are denied.

89.     The allegations contained in Paragraph 89 of the Amended Complaint are denied.

90.     The allegations contained in Paragraph 90 of the Amended Complaint are denied.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## National Credit System and University House Charlotte, LP

91.     This Answering Defendant hereby reincorporates by reference its answers to the preceding paragraphs of the Amended Complaint as if fully set forth herein.

92.     The allegations contained in Paragraph 92 of the Amended Complaint are denied.

93.     The allegations contained in Paragraph 93 of the Amended Complaint are denied.

94.     The allegations contained in Paragraph 94 of the Amended Complaint are denied.

95.      The allegations contained in Paragraph 95 of the Amended Complaint are denied.

9

96.     The allegations contained in Paragraph 96 of the Amended Complaint are denied.

97.     The allegations contained in Paragraph 97 of the Amended Complaint are denied.

98.     The allegations contained in Paragraph 98 of the Amended Complaint are denied.

99.     The allegations contained in Paragraph 99 of the Amended Complaint are denied.

100.    The Answering Defendant denies that it received notification of this dispute from Equifax, TransUnion and Experian.  The remaining allegations of Paragraph 100 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

101.    The allegations contained in Paragraph 101 of the Amended Complaint are denied.

102.    The allegations contained in Paragraph 102 of the Amended Complaint are denied.

103.    The allegations contained in Paragraph 103 of the Amended Complaint are denied.

104.    The allegations contained in Paragraph 104 of the Amended Complaint are denied.

105.    The allegations contained in Paragraph 105 of the Amended Complaint are denied.

106.    The allegations contained in Paragraph 106 of the Amended Complaint are denied.

107.    The allegations contained in Paragraph 107 of the Amended Complaint are denied.

108.    The allegations contained in Paragraph 108 of the Amended Complaint are denied.

**Equifax**

109.    The allegations contained in Paragraph 109 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

110.    The allegations contained in Paragraph 110 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

IMANAGE\6396\0058\42921762.v1-10/23/24

111. The allegations contained in Paragraph 111 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

112. The allegations contained in Paragraph 112 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

113. The allegations contained in Paragraph 113 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

114. The allegations contained in Paragraph 114 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

115. The allegations contained in Paragraph 115 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

116. The allegations contained in Paragraph 116 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

117. The allegations contained in Paragraph 117 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

118.    The allegations contained in Paragraph 118 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

119.    The allegations contained in Paragraph 119 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

120.    The allegations contained in Paragraph 120 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

121.    The allegations contained in Paragraph 121 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

**TransUnion**

122.    The allegations contained in Paragraph 122 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

123.    The allegations contained in Paragraph 123 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

124.    The allegations contained in Paragraph 124 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

125. The allegations contained in Paragraph 125 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

126. The allegations contained in Paragraph 126 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

127. The allegations contained in Paragraph 127 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

128. The allegations contained in Paragraph 128 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

129. The allegations contained in Paragraph 129 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

130. The allegations contained in Paragraph 130 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

131. The allegations contained in Paragraph 131 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

IMANAGE\6396\0058\42921762.v1-10/23/24

132.    The allegations contained in Paragraph 132 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

133.    The allegations contained in Paragraph 133 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

134.    The allegations contained in Paragraph 134 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

**Experian**

135.    The allegations contained in Paragraph 135 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

136.    The allegations contained in Paragraph 136 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

137.    The allegations contained in Paragraph 137 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

138.    The allegations contained in Paragraph 138 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

IMANAGE\6396\0058\42921762.v1-10/23/24

139. The allegations contained in Paragraph 139 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

140. The allegations contained in Paragraph 140 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

141. The allegations contained in Paragraph 141 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

142. The allegations contained in Paragraph 142 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

143. The allegations contained in Paragraph 143 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

144. The allegations contained in Paragraph 144 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

145. The allegations contained in Paragraph 145 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

146.     The allegations contained in Paragraph 146 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

147.     The allegations contained in Paragraph 147 of the Amended Complaint contain no charging allegations directed towards this Answering Defendant, and as such, no response is required.

## FRAUD BY FORGERY

148.     This Answering Defendant reincorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

149.     The allegations set forth in Paragraph 149 of the Amended Complaint are denied.

150.     The allegations contained in Paragraph 150 of the Amended Complaint, including subparts a-e, are denied.

151.     The allegations set forth in Paragraph 151 of the Amended Complaint are denied.

## EQUITABLE TOLLING

152.     This Answering Defendant reincorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

153.     The allegations contained in Paragraph 153 of the Amended Complaint contain no charging allegations, and as such, no response is required.

154.     The allegations contained in Paragraph 154 of the Amended Complaint contain no charging allegations, and as such, no response is required.

155.     The allegations contained in Paragraph 155 of the Amended Complaint are denied.

156.     The allegations contained in Paragraph 156 of the Amended Complaint are denied.

157.     The allegations contained in Paragraph 157 of the Amended Complaint are denied.

16

## N.C. GEN. STAT. § 75-50, *et seq.*

158.    This Answering Defendant reincorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

159.    The allegations contained in Paragraph 159 of the Amended Complaint are denied.

160.    The allegations contained in Paragraph 160 of the Amended Complaint are denied.

161.    The allegations contained in Paragraph 161 of the Amended Complaint are denied.

162.    The allegations contained in Paragraph 162 of the Amended Complaint are denied.

163.    The allegations contained in Paragraph 163 of the Amended Complaint are denied.

164.    The allegations contained in Paragraph 164 of the Amended Complaint are denied.

165.    The allegations contained in Paragraph 165 of the Amended Complaint are denied.

166.    The allegations contained in Paragraph 166 of the Amended Complaint are denied.

167.    The allegations contained in Paragraph 167 of the Amended Complaint are denied.

168.    The allegations contained in Paragraph 168 of the Amended Complaint are denied.

169.    The allegations contained in Paragraph 169 of the Amended Complaint are denied.

## 15 U.S.C. § 1692, *et seq.*, THE FDCPA

170.    This Answering Defendant reincorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

171.    The allegations contained in Paragraph 171 of the Amended Complaint are denied.

172.    The allegations contained in Paragraph 172 of the Amended Complaint are denied.

173.    The allegations contained in Paragraph 173 of the Amended Complaint are denied.

174.    The allegations contained in Paragraph 174 of the Amended Complaint are denied.

175.    The allegations contained in Paragraph 175 of the Amended Complaint are denied.

IMANAGE\6396\0058\42921762.v1-10/23/24

## DEMAND FOR JURY TRIAL

176.    The allegations contained in Paragraph 176 contain no charging allegations, and as such, no response is required.

**ANY ALLEGATIONS CONTAINED IN PLAINTIFF'S AMENDED COMPLAINT NOT EXPRESSLY ADMITTED HEREIN ARE DENIED.**

## SECOND DEFENSE

Plaintiff's Amended Complaint fails to state a claim against this Answering Defendant upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff's state law claims against this Answering Defendant, liability for which is expressly denied, are specifically preempted by federal law, including the FCRA and FDCPA.

## FIFTH DEFENSE

Plaintiff's claims are barred because he proximately caused his own damages, if any.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to mitigate damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred because he did not notify a credit reporting agency that inaccurate or false information appeared on his credit report in connection with the Answering Defendant's account.

IMANAGE\6396\0058\42921762.v1-10/23/24

## EIGHTH DEFENSE

Plaintiff's claims are barred because Answering Defendant did not receive a notification from a credit reporting agency of Plaintiff's dispute that there was inaccurate or false information appeared on his credit report in connection with the Answering Defendant's account.

## NINTH DEFENSE

Answering Defendant is not a debt collector under the FDCPA.

## TENTH DEFENSE

Answering Defendant provided true and accurate information to the credit reporting agencies related to Plaintiff.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because he lacks standing.

## TWELFTH DEFENSE

This Answering Defendant reserves the right to assert further or additional defenses that may be revealed by additional information, which may be learned in discovery or otherwise.

## CLAIM FOR ATTORNEYS' FEES

Upon information and belief, this action was brought against or has been continued against this Answering Defendant in bad faith and for the purposes of harassment and Defendant seeks its costs and fees in defending this action under 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1692k(a)(3).

**WHEREFORE**, Defendant, UNIVERSITY HOUSE CHARLOTTE, LP, respectfully prays this Court grant the following relief:

1. That Plaintiff's Amended Complaint be dismissed, with prejudice;

2. That the Plaintiff have and recover nothing from this Answering Defendant;

3. That this Answering Defendant be afforded a trial by jury and all claims so triable.

19

4. That this Answering Defendant have and recover from the Plaintiff the costs of this action plus interest and reasonable attorney's fees; and

5. That this Answering Defendant have and recover any such other and further relief as the Court may deem just and proper.

**THIS THE 23RD DAY OF OCTOBER, 2024**.

         **GOLDBERG SEGALLA LLP**

**By:**   /s/Allegra A. Sinclair
     Thomas M. Buckley
     N.C. Bar No. 26076
     Allegra A. Sinclair
     N.C. Bar No. 44798
     421 Fayetteville Street, Suite 1210
     Raleigh, North Carolina 27601
     Telephone: (919) 582-0801
     Facsimile: (919) 582-0899
     Email: tbuckley@goldbergsegalla.com
            asinclair@goldbergsegalla.com
     Attorneys for Defendant University House Charlotte, LP

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2024, the foregoing ***Answer to Plaintiff's Amended Complaint*** was filed electronically with the Clerk of Court using the Court's CM/ECF system. Parties may access this filing through the Court's system. Notice of this filing will be sent by operation of the Court's CM/ECF system to counsel of record and via U.S. Mail to Pro Se Defendants, addressed as follows:

          Email: shane@williamsperry.com
          M. Shane Perry
          Williams & Perry
          109 W. Statesville Avenue
          Mooresville, North Carolina 28115
          *Attorney for Plaintiff*

          Email: egoemann@seyfarth.com
          Ethan Coretz Goemann
          Seyfarth Shaw LLP
          300 S. Tryon Street, Suite 400
          Charlotte, North Carolina 28202
          *Attorney for Defendant Equifax Information Services, LLC*

          National Credit Systems, Inc.
          Attn: CT Corporation System, Registered Agent
          150 Fayetteville Street
          Raleigh, North Carolina 27601

          Experian Information Solutions, Inc.
          Attn: CT Corporation System
          160 Mine Lake Court, Suite 200
          Raleigh, North Carolina 27615-6417

          Transunion, LLC
          Attn: The Prentice-Hall Corporation System, Inc., Registered Agent
          2626 Glenwood Avenue, Suite 550
          Raleigh, North Carolina 27608

**THIS THE 23RD DAY OF OCTOBER, 2024**.

GOLDBERG SEGALLA LLP

**By:** /s/Allegra A. Sinclair
Allegra A. Sinclair

22